IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLOTTE LENORE RHODES

    Plaintiff,

vs.                                      Case No. 11-cv-2690 JTM/DJW

DOLLAR GENERAL CORPORATION,
D/B/A DOLLAR GENERAL

    Defendants.

MEMORANDUM AND ORDER

Charlotte Rhodes filed suit against Dollar General Corporation, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (29 U.S.C. §621-634(b)), Americans With Disabilities Act (42 U.S.C. § 12111 et. seq.), and Supplemental Jurisdiction, 28 U.S.C. § 1367. The matter before the court is Dollar General Corporation's Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction and a separate Motion to Dismiss for Failure to State a Claim by another entity, DG Retail. For good cause shown, the motion to dismiss is hereby granted.

Charlotte Rhodes, alleges in her complaint that she was employed at a Dollar General retail store, located at 5312 Martway Street in Shawnee Mission, Kansas. On April 2, 2010, Rhodes, while on the job, sustained a back injury from lifting and stacking 2-liter bottles of soda pop. (Dkt. No. 1

at 10). Rhodes claimed unemployment benefits, but claims that those benefits were not readily or completely provided by Dollar General Corporation. *Id.*

In her Complaint, Rhodes references the earlier termination of Cary Manion, the store manager. (Dkt. No.1, 10). Manion, after his termination, reportedly told Rhodes that "[she] and Suzie [Avery] were next." *Id.* Rhodes was terminated from her employment on June 29, 2010, by store manager Ronda Myer, for failure to pick up a candy wrapper and bottle of pop off a back shelf of the store. However, Rhodes claims she was actually terminated due to her age and her disability caused by the April 2, 2010 back injury. (Dkt. No. 1 at 10).

Rhodes has brought the following four claims against Dollar General Corporation: (1) Violation of Title VII of the Civil Rights Act of 1964; (2) Violation of the Age Discrimination in Employment Act, 29 U.S.C. §621-634(b), (3) Violation of the Americans With Disabilities Act, 42 U.S.C. § 12111 et. seq., and (4) Supplemental Jurisdiction, 28 U.S.C. § 1367.

Dollar General Corporation seeks to dismiss all claims under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Dollar General Corporation contends that Rhodes's Complaint failed to demonstrate that Dollar General Corporation is Rhodes' employer, and thus, the proper party. In the alternative, Dollar General Corporation claims that personal jurisdiction cannot be established as required by Fed. R. Civ. P. 12(b)(2).

DG Retail, LLC, Rhodes' employer,[1] moves to dismiss Rhodes' claims under Fed. R. Civ. P. 12(b)(6), for failure to state a cause of action for retaliation under Title VII or discrimination under the ADEA or the ADA.

---

[1] It is undisputed that DG Retail, LLC, who is not a named party in this lawsuit, was Rhodes' former employer.

In her Response, Rhodes argues that this court has jurisdiction over Dollar General Corporation because (1) Dollar General Corporation provides management services to Dollar General retail operating entities, and (2) Dollar General Corporation managed the payment of Rhodes' wages. Additionally, Rhodes requests that the court allow her to rename the defendant as DG Retail, LLC.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what Rhodes' claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863

(10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

In her Response, Rhodes does not address DG Retail or Dollar General Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action for retaliation under Title VII or discrimination under the ADEA or the ADA nor did she present facts to prove that Dollar General Corporation was Rhodes' employer. Therefore, the court considers Dollar General Corporation's Motion to Dismiss as an uncontested motion.

A party must file a responsive memorandum opposing a dispositive motion within the time frame set by the court in order for the court to consider the party's argument. When a dispositive motion receives no response, it will be considered and decided as uncontested. D.Kan. Rule 7.4(b). That is the appropriate result here.

In addition, Dollar General Corporation's Motion to Dismiss under Rule 8 is granted for good cause shown, as Rhodes failed to provide allegations of fact sufficient to render her claim plausible on its face. Throughout her Complaint, Rhodes makes several blanket allegations, without explanation of a correlation between her termination, age and disability. The court also notes that Rhodes' reliance on the alleged conversation with Manion represents both hearsay and speculation, but more importantly, Rhodes draws no correlation between Manion's termination and Rhodes' age or disability.

"Allegations that raise the specter of mere speculation are not enough." *Corder*, 566 F.3d at 1223-24. The court finds that Rhodes' allegations lacked the required specificity and are wholly

conclusory. On this basis, the court finds that Rhodes did not establish her claims beyond mere speculation. Accordingly, Dollar General's Motion to Dismiss is granted.

The court notes that Rhodes requested leave to amend her Complaint, naming DG Retail as the defendant. Under Fed. R. Civ. P. 15(a)(1)(A)-(B) a party may freely amend its complaint within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion . . . whichever is earlier." At all other times the party must seek leave of the court to amend its pleading. FED. R. CIV. P. 15(a)(2). "When a party files a proper motion for leave to amend, rule 15(a) further provides 'leave shall be freely given when justice so requires.'" *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) (quoting FED. R. CIV. P. 15(a)).

In this case, the Dollar General Corporation's Motion to Dismiss is independently granted under D. Kan Rule 7.4 and Fed. R. Civ. P. 8; therefore, Rhodes' request to rename the defendant herein is moot.

IT IS ACCORDINGLY ORDERED this 2nd day of November 2012, that Dollar General Corporation's Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 6 and 8) are granted.

                                                s/J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE